IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| WILLIAM H. ROGERS, JR., et al., ) | |
| ) | Case No. 4:06CV00015 |
| Plaintiffs, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DOW AGROSCIENCES, LLC, et al., ) | |
| ) | By: Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |
| ) | |

Before me now are Plaintiffs William H. Rogers, Jr., Frank M. Ferrell, Robert L. Hedrick, Willie E. Redd, Jay Calhoun, Walter Coles, Jr., Alice C. Coles, and Sarah McBreyer's (collectively "Plaintiffs") Motion to Remand and Motion to Motion to Amend Motion for Judgment and Join Parties ("Motion to Amend"). Defendants in this action are Dow Agrosciences, LLC ("Dow"), BASF Corporation ("BASF"), UAP Timberland, LLC ("UAP"), Chemorse, LTD ("Chemorse"), and Provine Helicopter Service, Inc. ("Provine"). The parties have briefed the issues and oral argument was held before this Court on July 11, 2006. The motions are therefore ripe for decision. For the reasons stated herein, Plaintiffs' Motion to Remand and Motion to Amend will both be **DENIED.**

I. **FACTUAL AND PROCEDURAL HISTORY**

Plaintiffs have brought multiple claims against Defendants for their alleged roles in causing severe damage to Plaintiffs' timber. According to Plaintiffs' Motion for Judgment, chemicals manufactured or sold by Dow, BASF, UAP, and Chemorse were sprayed by Provine

1

onto Plaintiffs' land in Pittsylvania County. These chemicals caused substantial damage to Plaintiffs' timber which, in turn, resulted in lost profits to Plaintiffs. Because of this, on September 2, 2005, Plaintiffs filed a Motion for Judgment against Defendants in Pittsylvania County Circuit Court for their respective roles in causing this damage; none of Defendants were formally served at that time but Plaintiffs' counsel did send courtesy copies of the Motion for Judgment to each of them.

It was not until March 7, 2006, when all Defendants in this action[1] except Chemorse and Provine were served via their respective registered agents. Chemorse and Provine were served via the Virginia Secretary of the Commonwealth ("Secretary") on March 17, 2006 because they do not have registered agents in Virginia. *See*, Va. Code § 8.01-329. The Secretary forwarded the service documents by certified mail to Chemorse on March 20, 2006 and the Secretary filed its certificate of compliance with the Pittsylvania County Circuit Court Clerk on March 21, 2006. It is undisputed that Chemorse did not receive these service documents from the Secretary until March 27, 2006.

On March 28, 2006, BASF, Dow, and UAP filed a Joint Petition for Removal to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332. Chemorse and Provine did not expressly join in this removal petition but apparently had been contacted by counsel for the other defendants and expressed their consent to them. Provine filed its own Notice of Removal on April 18, 2006 and Chemorse did likewise on April 25, 2006. Plaintiffs filed their Motion to Remand and Motion to Amend on April 27, 2006. Lastly, Plaintiffs initiated a separate lawsuit

---

[1]A sixth defendant, E.I. Du Pont Nemours and Co. was voluntarily non-suited by Plaintiffs prior to the case being removed to this Court.

2

in Pittsylvania County Circuit Court against the Commonwealth of Virginia, the Virginia Department of Forestry, and David A. Von Moll, the Virginia Comptroller ("the Virginia Defendants") on May 24, 2006. Plaintiffs allege that their suit against the Virginia Defendants arises out of the same transaction and occurrence as their suit against Defendants and, as will be discussed in Part III-B, adding the Virginia Defendants to the case now before this Court is the subject of Plaintiffs' Motion to Amend.

## II.   LEGAL STANDARD

*A.     Motion to Remand*

In considering the removal of a lawsuit to federal court, the Supreme Court and courts within the Fourth Circuit have held that courts "must strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 507 (E.D.Va. 1992) (*citing*, *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941).[2] The burden of establishing whether the statutory and jurisdictional requirements for removal have been met is on the defendant. *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148 (4th Cir. 1994). In addition, in cases with multiple defendants, all defendants must file a removal notice "either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period following service of process." *Creekmore*. Finally, in cases where process is served upon a statutory agent, the thirty day period does not begin to run until the defendant actually receives a copy of the service materials. *White v. Lively,* 304 F. Supp.2d 829 (W.D. Va. 2004). The *White* case is in accordance with the

---

[2]In its brief, Dow argues that this presumption no longer exists, however, based on the application of the law in Part III-A, I believe that Defendants would prevail on this issue regardless of whether the presumption is applied so I will not address Dow's argument.

3

Supreme Court case, *Murphy Bros., Inc. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344, 347-48 (1999) which held that:

> An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process...[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service. (emphasis added, internal citations omitted).

Courts have interpreted this ruling to mean that in cases where process is served upon a statutory agent, a defendant is not under the court's authority until the defendant actually receives a copy of the service materials because a statutory agent is not a true agent of a defendant. *See, e.g., White*; 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3732 (3d ed. 1998).

### B. Motion to Amend

The relevant statute that governs a plaintiff's motion to amend its Complaint to add a non-diverse party is 28 U.S.C. § 1447(e). The Fourth Circuit has held that this statute and not Federal Rule of Civil Procedure 19 is the appropriate tool to use in determining whether to permit or deny joinder under these circumstances. *Mayes v. Rapoport*, 198 F.3d 457 (4th Cir. 1999). The joinder decision is "committed to the sound discretion of the district court" and the Fourth Circuit has put forth four factors that a district court judge should consider in deciding whether to permit or deny joinder under § 1447(e). *Id*, at 462. These factors are: (1) The extent to which the amendment is to destroy federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Id*. Such equitable

factors that courts have considered are judicial economy and the waste of time and resources by the court and parties should parallel lawsuits ensue. *Coley v. Dragon LTD*, 138 F.R.D. 460, 465 (E.D. Va. 1990).

## III. DISCUSSION

### *A. Motion to Remand*

Plaintiffs' Motion to Remand is founded upon the argument that Chemorse failed to file a notice of removal with this Court within thirty days of being served with process. If Plaintiffs' argument were correct, the entire case would have to be remanded to state court. Yet in spite of the efforts by Plaintiffs to distinguish the facts of their case from the legal principles espoused in *Murphy Brothers* and *White*, it appears beyond question that Chemorse timely filed its Notice of Removal.

As stated above, Plaintiffs served process on the Secretary on March 17, 2006, the service documents were not actually received by Chemorse until March 27, 2006, and Chemorse filed its Notice of Removal on April 25, 2006. Thus, the sole issue to be decided is whether the thirty-day time period begins to run when process is served on the Secretary or when Chemorse actually received the formal service documents. The clear holding of *White* is that "service on a statutory agent such as the [Secretary] does not start the running of the thirty-day removal period." *White*, 304 F. Supp.2d at 831. The clear, straightforward, and logical reasoning behind this rule is simply that statutory agents are not true agents for service of process purposes. *Id*. A defendant is entitled to a full thirty days to consider whether or not to remove the case to federal court and to begin the thirty-day clock before it has actually received the service documents would be counter to the principle of § 1446.

5

Plaintiffs argue that their case is distinguishable from *White* because Defendants in this case - including Chemorse - were given courtesy copies of Plaintiffs' Motion for Judgment in September of 2005. Because of this, state Plaintiffs, Chemorse had over six months to consider the possibility of removal. This argument was refuted by the Supreme Court in *Murphy Brothers*. In that case, the Court explicitly held that courtesy copies had no bearing, weight, or relevance to the beginning of a defendant's thirty-day removal time period. *Id*., at 347-48. To the contrary, the Supreme Court explicitly held that a defendant must be both "notified of the action *and* brought under a court's authority" *Id*. at 347 (emphasis added).

Reading *Murphy Brothers* in conjunction with *White* leads to this rule: A defendant's time to remove is triggered only when formally served with process, but when a statutory agent is the entity served on a defendant's behalf, the thirty-day removal clock does not begin to run until the defendant itself receives the service documents. Applying that rule to the undisputed facts of this case leads to the inescapable conclusion that Chemorse was not brought under this Court's authority until it actually received the service documents on March 27, 2006 and, thus, its Notice of Removal filed April 25, 2006 was timely. To find otherwise, as Plaintiffs argue for, would require me to either ignore the holding of *Murphy Brothers* or the holdings in the legions of district and appellate court cases such as *White*. This I will not do. Therefore, I will **DENY** Plaintiffs' Motion to Remand.

  *B.*  *Motion to Amend*

Before addressing the merits of Plaintiffs' Motion to Amend, the threshold issue of subject matter jurisdiction must be discussed. Plaintiffs' Motion to Amend seeks to join the Virginia Defendants as party-defendants in this case. There are two reasons why granting

6

Plaintiffs' Motion to Amend would destroy this Court's subject matter jurisdiction. The first reason is that this case was removed based on diversity of citizenship between Plaintiffs and Defendants pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a). Adding the Virginia Defendants would destroy diversity and thus would require remand. The second reason is that the Eleventh Amendment forbids Plaintiffs from bringing suit against the Virginia Defendants. Though Virginia has waived its immunity for contracts entered into by the Commonwealth or its agents, this waiver only extends to suits tried in state courts. *Wieking v. Allied Med. Supply Corp*. 239 Va. 548, 552 (1990) (stating that the Va. Code § 8.01-192 has been construed as legislative consent for the Commonwealth "to be subjected to suit *in its own courts* in contract cases.") (emphasis added). Therefore, the Eleventh Amendment forbids this Court from exercising subject matter jurisdiction over the Virginia Defendants.

It is important to consider the complete inability of this Court to exercise subject matter jurisdiction over the Virginia Defendants because in essence, it turns Plaintiffs' Motion to Amend into a second Motion to Remand. It is for situations in which a plaintiff attempts to join a defendant who would destroy subject matter jurisdiction that the Fourth Circuit's § 1447(e) four factor balancing test becomes relevant. I will discuss each factor as it bears on Plaintiffs' Motion to Amend in turn.

The first § 1447(e) factor to consider is the extent to which Plaintiffs' Motion is designed to defeat the jurisdiction of this Court. The "heavy" burden of proving fraudulent joinder rests with the defendant who must show that there is either "*no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Mayes*, 198 F.3d at 462,

7

464 (emphasis in original) . Certainly, Plaintiffs can establish a cause of action against the Virginia Defendants in state court; indeed, state court is the Plaintiffs' only available forum. There is likewise no evidence of outright fraud in Plaintiffs' pleading of jurisdictional facts. This factor, then, weighs in favor of Plaintiffs.

The next consideration under § 1447(e) is whether Plaintiffs have been dilatory in seeking an amendment. Plaintiffs filed their Motion for Judgment on September 2, 2005, the case was removed to this Court on March 28, 2006, and Plaintiffs filed their Motion to Amend on April 27, 2006. Plaintiffs argue that they have not been dilatory in seeking to amend because they brought their motion within 30 days of removal. In support of this argument, Plaintiffs cite to cases in which district courts permitted joinder (and concurrent remand) of non-diverse parties when more than 30 days had transpired between a defendant's removal and a plaintiff's motion to amend. See, e.g., *Da Cruz v. Townmasters of New Jersey, Inc*., 217 F.R.D. 126 (E.D.N.Y 2003) (permitting joinder 26 months after removal). The flaw in Plaintiffs' reasoning is that in *Da Cruz*, the court permitted joinder because the existence of the non-diverse party was not revealed until discovery was being conducted. 217 F.R.D. at 134. By contrast, Plaintiffs in this case knew of their potential legal claims against the Virginia Defendants when they filed suit in September of 2005. Indeed, Plaintiffs asserted a written claim to the Virginia Department of Forestry on September 7, 2005 in order to comply with Va. Code § 8.01-192.

In a secondary, yet related, argument, Plaintiffs state that they were required by § 8.01-192 to have their administrative claim against the Department of Forestry denied by the Comptroller before they could file suit in state court. While Plaintiffs' interpretation of the law is correct, their own actions belie their argument that their delay in joinder was an attempt to

8

comply with state law. A brief review of the facts shows that Plaintiffs filed their Motion to Amend on April 27, 2006 but did not receive notice from the Department of Forestry that their claim had been denied until late May, 2006. Section 8.01-192 clearly states that the Comptroller must first "disallow, either in whole or in part, any such claim against the Commonwealth" before suit can be brought in state court. Therefore, Plaintiffs' argument that they were late in joining the Virginia Defendants in order to comply with state law is significantly undercut by the fact that they attempted to bring suit against them before the plain requirements of § 8.01-192 had been satisfied. Thus, both of Plaintiffs' arguments as to the second § 1447(e) factor are distinguishable and without merit and I find that this factor weighs in favor of Defendants.

The third § 1447(e) factor to be considered is whether Plaintiffs will be significantly injured if amendment is not allowed. In their briefs, Plaintiffs allege that the injury they will suffer is having to bring a separate lawsuit against the Virginia Defendants for claims that arise out of the same transaction and occurrence as their suit against Defendants in this case. Plaintiffs state that both cases would "involve the same witnesses, interpretation of the same contracts by two different courts, duplicative discovery, presentation of the same evidence, and consideration of the same facts by two different juries." Plaintiffs' Reply Brief, pp. 8-9. While this statement is likely true, it ignores a critical, unique caveat to this case that bears heavily on the equities of Plaintiffs' Motion. This caveat is that on the same day that Plaintiffs filed their Reply Brief in which they discussed the dangers of parallel lawsuits and the inefficiencies to the judicial system that result from them, Plaintiffs filed suit against the Virginia Defendants in state court. That act is guaranteed to make parallel lawsuits a reality unless this Court grants Plaintiffs' Motion. It is very difficult for this Court to be persuaded by Plaintiffs' argument

9

about the injuries they will suffer from parallel lawsuits when Plaintiffs themselves have been proactive in creating parallel suits. In short, any injury ultimately suffered by Plaintiffs from parallel suits will have been self-inflicted. For these reasons, the third § 1447(e) factor weighs in Defendants' favor.

The final § 1447(e) factor is designed to give courts the ability to consider other equitable circumstances of a particular case. In the present case, the most obvious equitable factor which weighs in Defendants' favor is the fact that Plaintiffs have argued in their briefs about the danger and burden of parallel lawsuits. This argument is somewhat of a strawman. The litigation expense will not necessarily be duplicated. The effort expended in the federal suit can be used in the state suit and vice versa - particularly discovery. Inconsistent rulings would be possible but, in my opinion, unlikely. Plaintiffs are proceeding in state court on a breach of contract claim against the Virginia Defendants. And, although Plaintiffs' suit against the federal defendants asserts a breach of contract claim (Count VI) the tenor of the Complaint sounds in tort - even the warranty counts. It is obvious that Plaintiffs' federal suit claims are much wider ranging than a breach of contract claim. Defendants' right to select their forum is an important one and should not be defeated by the unlikely specter of possible inconsistent verdicts. Therefore, the equities in this case weigh against Plaintiffs' Motion.

In sum, while there is no evidence that Plaintiffs' Motion is meant to defeat federal jurisdiction, the other three § 1447(e) factors weigh against Plaintiffs. There being no other special circumstances that merit discussion under the § 1447(e) analysis, I will **DENY** Plaintiffs' Motion to Amend.

10

### IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Remand and Motion to Amend will both be **DENIED**.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record.

ENTERED this 21st day of July, 2006.

                                                s/Jackson L. Kiser
                                                Senior United States District Judge