IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

|   |   |   |
|---|---|---|
| WILLIAM H. ROGERS, JR., et al., | ) | Case No. 4:06CV00015 |
| Plaintiffs, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| DOW AGROSCIENCES, LLC, et al., | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Before me now are Plaintiffs William H. Rogers, Jr., Frank M. Ferrell, Robert L. Hedrick, Willie E. Redd, Jay Calhoun, Walter Coles, Jr., Alice C. Coles, and Sarah McBreyer's (collectively "Plaintiffs") Motion to Amend and Join Parties ("Motion to Amend") or in the alternative, Motion to Stay Proceedings ("Motion to Stay"). Defendants in this action are Dow Agrosciences, LLC ("Dow"), UAP Timberland, LLC ("UAP"), Chemorse, LTD ("Chemorse"), and Provine Helicopter Service, Inc. ("Provine"). The parties have briefed the issues and oral argument was held before this Court on September 21, 2006. The motions are therefore ripe for decision. For the reasons stated herein, Plaintiffs' Motion to Amend and Motion to Stay are **DENIED.**

**I. FACTUAL AND PROCEDURAL HISTORY**

Plaintiffs in this case have alleged various causes of action against Defendants for their respective alleged roles in spraying chemical herbicides on Plaintiffs' crop of pine trees in 2004.

1

The herbicides contain a mix of products manufactured and distributed by Defendants Dow Agro, BASF, Chemorse, and UAP Timberland. Defendant Provine Helicopter allegedly sprayed this mix of chemicals onto Plaintiffs' trees.

On September 2, 2005, Plaintiffs filed their Motion for Judgment in Pittsylvania County Circuit Court on a breach of contract claim against the Defendants above. On March 27, 2006, BASF, Dow Agro, and UAP filed a Joint Petition for Removal to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332. Chemorse and Provine Helicopter filed separate petitions for removal by April 25, 2006. The Plaintiffs filed Motions to Remand to state court and to Amend the Motion for Judgment and Join Parties on April 27, 2006. While that Motion was under consideration, Plaintiffs initiated a separate lawsuit in the Commonwealth Court on May 24, 2006 against the Commonwealth of Virginia, the Virginia Department of Forestry and the Virginia Comptroller ("Virginia Defendants"). The Virginia Defendants filed a third party complaint on June 19, 2006, naming BASF, Dow, Timberland, Chemorse and Provine as third party defendants.

On July 21, 2006, this Court issued a Memorandum Opinion denying the Plaintiffs' Motion to Remand to State Court and Join Parties based on the four-factor test in *Mayes v. Rapoport*, 198 F.3d 457 (4th Cir. 1999). Since then, Dow and BASF, along with the Virginia Defendants, petitioned the state court to stay proceedings pending the outcome of the federal case. On August 16, 2006, the Plaintiffs petitioned this Court to reconsider the denial with this Motion to Add Parties or Stay Proceedings. Four of the Defendants filed briefs in opposition on August 30, 2006, with Chemorse following the next day. The Plaintiff responded to these replies on September 6, 2006. A hearing was held on September 22, 2006. On October 9th, 2006,

Defendant BASF filed a Notice of New Evidence on these Motions, to which Plaintiff Responded on October 10th, 2006.

## II.  LEGAL STANDARD

   A.   *Motion to Add Parties:*

The relevant statute that governs a plaintiff's motion to amend its Complaint to add a non-diverse party is 28 U.S.C. § 1447(e). The Fourth Circuit has held that this statute and not Federal Rule of Civil Procedure 19 is the appropriate tool to use in determining whether to permit or deny joinder under these circumstances. *Mayes v. Rapoport*, 198 F.3d 457 (4th Cir. 1999). The joinder decision is "committed to the sound discretion of the district court" and the Fourth Circuit has put forth four factors that a district court judge should consider in deciding whether to permit or deny joinder under § 1447(e). *Id*, at 462. These factors are: (1) The extent to which the amendment is to destroy federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Id*. Such equitable factors that courts have considered are judicial economy and the waste of time and resources by the court and parties should parallel lawsuits ensue. *Coley v. Dragon LTD*, 138 F.R.D. 460, 465 (E.D. Va. 1990).

   B.   *Motion to Stay Proceedings*

The Motion to Stay proceedings is governed by the case of *Colorado River Water Conservation. District v. United States*, 424 U.S. 800, 813 (1976) and its progeny. The first step in this analysis is to determine whether there are parallel proceedings in both state and federal courts by considering whether substantially same parties are litigating substantially the same

3

issues. *Al-Abood V. El-Shamari*, 217 F.3d 225, 232 (4th Cir. 2000). Even if the proceedings are parallel, the analysis does not end there, and the court must determine whether the "exceptional circumstances" requiring abstention are met by analyzing the factors set forth in *Colorado River* and its progeny. *McLaughlin v. United Virginia Bank*, 955 F.2d 930, 934 (4th Cir. 1992).

Noting that "abstention from the exercise of federal jurisdiction is the exception, not the rule," and that only clear justifications warrant dismissal, *Colorado River* set forth four factors for judicial consideration in abstention cases, noting that none of them were determinative. 424 U.S. at 813, 818-19. Those factors are 1) which court first assumed jurisdiction over the *res* at issue, 2) inconvenience arising from the federal forum, 3) the desirability of avoiding piecemeal litigation, and 4) the order of filing for the state and federal actions. *Id.* The Supreme Court added further guidance in *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, noting "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction" and that the factors should be applied in a "pragmatic, flexible manner." 460 U.S. 1, 16, 21 (U.S. 1983). *Cone* added two more factors to the test: the presence of a federal question in the litigation and the adequacy of state court proceedings to protect parties' rights. *Id.* at 23-24, 26.

The Fourth Circuit has further interpreted the abstention test, noting that the mere threat of inconsistent results and judicial inefficiency inherent in parallel actions did not warrant abstention unless the movant could show federal retention of jurisdiction would exacerbate those inherent problems. *Gannett Co. v. Clark Constr. Group, Inc.*, 286 F.3d 737, 744-48 (4th Cir.

4

2002). In reviewing a district court's decision to abstain on an abuse of discretion standard, *Gannett* ruled that the mere presence of state law issues and adequacy of state litigation for resolving the issues does not alone, without special circumstances, require the federal court to abstain. *Id.* Finally, neutral factors in the test are not given null values, but instead weigh against abstention. *Id.* at 748 n. 10. In addition, Fourth Circuit cases have adopted *dictum* in *Cone* as a seventh factor, telling district courts to consider whether the state or federal suit was a contrived or vexatious reaction to the other proceeding. *McLaughlin v. United Virginia Bank*, 955 F.2d 930, 935 (4th Cir. 1992); *Jackson Hewitt, Inc. v. J2 Fin. Servs.*, 901 F. Supp. 1061, 1068 (E.D. Va. 1995) (citing *Cone*, 460 U.S. at 18 n.20).

### III. DISCUSSION

#### A. *Motion to Amend*

This motion marks the Plaintiff's third attempt to bring the proceedings here back to state court. The Plaintiffs argue that changes in circumstances justify revisiting my July 21st Memorandum Opinion, ("July 21st Opinion") in which I denied their Motion to Amend and Join Parties. In that opinion, I addressed the two reasons why the Plaintiffs' Motion to Amend is effectively the same as a Motion to Remand.[1] Next, in weighing the Plaintiffs' motion to add a

---

[1]
There are two reasons why granting Plaintiffs' Motion to Amend would destroy this Court's subject matter jurisdiction. The first reason is that this case was removed based on diversity of citizenship between Plaintiffs and Defendants pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a). Adding the Virginia Defendants would destroy diversity and thus would require remand. The second reason is that the Eleventh Amendment forbids Plaintiffs from bringing suit against the Virginia Defendants. Though Virginia has waived its immunity for contracts entered into by the Commonwealth or its agents, this waiver only extends to suits tried in state courts. *Wieking v. Allied Med. Supply Corp.* 239 Va. 548, 552 (1990) (stating that the Va. Code § 8.01-192 has been construed as legislative consent for the Commonwealth "to be subjected to suit *in its own*

5

non-diverse party under 28 U.S.C. § 1447(e), I applied the four factor balancing test from *Mayes v. Rapoport*, 198 F.3d 457 (4th Cir. 1999). Deciding the first factor in the Plaintiffs' favor, I concluded that there was no evidence that Plaintiffs had fraudulently plead the jurisdictional facts in order to defeat this Court's diversity jurisdiction. July 21st Opinion, p. 8. I found the second factor weighed in Defendants because the Plaintiffs had been dilatory in seeking joinder of the Virginia Defendants. July 21st Opinion, p. 8-9. The Plaintiffs admit that these two factors need not be re-examined, but look instead at third and fourth factors.

The third factor of the *Mayes* test is the extent to which the Plaintiffs will be injured if their amendment is not allowed. *Mayes*, 198 F.3d at 462. Originally, I noted that the Plaintiff's statement that both cases would involve the same witnesses, interpreting the same contracts, same discovery, same evidence and same facts before two different juries was likely true. July 21st Opinion, p. 10. However, the Plaintiff's worries over parallel lawsuits and the inefficiencies of the judicial system were a result of their own design since it had been the Plaintiffs who ensured this result by filing suit against the Virginia Defendants in state court. July 21st Opinion, p. 10. The fourth factor is whether the "balance of the equities" weigh in favor of permitting the non-diverse defendant. *Mayes*, 198 F.3d at 463. Earlier, I decided that the equities weighed in favor of the Defendants because the burden of duplicative discovery was avoidable and the danger of inconsistent rulings in the state cases based on contract law and the tort claims before this court were unlikely. July 21st Opinion, p. 10.

---

    *courts* in contract cases.") (emphasis added). Therefore, the Eleventh Amendment forbids this Court from exercising subject matter jurisdiction over the Virginia Defendants.
Memorandum Opinion, July 21st, 2006 at page 7:

6

The changed circumstances cited by Plaintiffs as a reason to re-analyze these factors can be summarized in three points. First, the Plaintiffs argue that Defendants Dow and BASF–who opposed this and the earlier Motion to Amend–have changed their positions on the dangers of parallel suits in concurrent tribunals. The Plaintiffs quote language from a Joint Motion to Stay Proceedings filed in Circuit Court for Pittsylvania County on August 18, 2006 by Defendants Dow and BASF, along with the Virginia Defendants. In that state court motion, the Defendants state that

> The underlying factual background for Plaintiffs' claims against the Commonwealth and the claims currently pending in federal court are identical.... That Plaintiffs' theory of recovery in this [the state action] is based upon breach of contract whereas the federal action involves other theories of recovery is not significant for the purposes of this motion because both lawsuits emanate from exactly the same set of facts and, therefore, the anticipated discovery, witnesses and documents will be virtually identical.

Joint Motion to Stay Proceedings ¶ 3. The Defendants' admissions in this regard do not amount to a retraction of their prior and current opposition to the Motion to Amend, but are a mere truthful observation. Indeed, in my July 21st memorandum, I agreed with the Plaintiffs that both cases overlapped in many regards.[2] The fact that Plaintiffs, Defendants and the Court agree that such redundancies exist in these proceedings does not add or detract to the prior reasoning of this Court, nor does it change the fact that any resulting injuries "suffered by Plaintiffs from parallel suits will have been self-inflicted." July 21st Opinion, p. 10.

---

[2]

Plaintiffs state that both cases would "involve the same witnesses, interpretation of the same contracts by two different courts, duplicative discovery, presentation of the same evidence, and consideration of the same facts by two different juries." Plaintiffs' Reply Brief, pp. 8-9. While *this statement is likely true* it ignores a critical, unique caveat to this case that bears heavily on the equities of Plaintiffs' Motion.

July 21st Opinion, p. 9-10 (emphasis added).

7

The Plaintiff's second point is that the burden of discovery created by overlapping litigation appears more burdensome than it was first thought to be. In my July 21st Opinion, I remarked that "[t]he litigation expense will not necessarily be duplicated. The effort expended in the federal suit can be used in the state suit and vice versa - particularly discovery." *Id.* Plaintiffs inform us that a former counsel for the Virginia Defendants would not agree to using federal depositions in state court nor participate in such depositions. Plaintiffs' Reply To Briefs in Opposition to Motion to Amend, Exhibit A. Defendant Dow informed us, by way of affidavit of Assistant Attorney General and Counsel for the Commonwealth of Virginia, that the Virginia Defendants would participate in depositions under combined state and federal caption so long as the record reflected that the their participation was limited to state proceedings and they were directed to comply by the state court. Defendant Dow's Brief in Opposition to Plaintiff's Motion to Amend, Exhibit A. In addition, the Defendants argued that Plaintiffs could file a Virginia Freedom of Information Act request in lieu of discovery. Va. Code Ann. §§ 22-3700-3714. Plaintiffs responded that such requests are a poor substitute for traditional discovery tools because a Virginia FOIA cannot be used in summary judgment under Federal Rule of Civil Procedure 56, is not as timely, and cannot duplicate a live deposition.

While Plaintiffs have more artfully articulated their expected hardships in the discovery process with this motion, this still does not upset the balance of equities as they stood when the July 21st Opinion was issued. It was never envisioned that all discovery matters would be burden-free. There is still reason to believe that the state court will encourage or order all parties

8

to share and participate in joint discovery proceedings to avoid needless redundancy.[3]

The Plaintiff's third and final point was that there is now more reason to believe that the state contract claims will be entwined with the tort-based causes of action in Federal court. The Plaintiffs' basis for this change is that two defendants have used the contract with the Virginia Defendants in their 12(b)(6) Motions to Dismiss. While this is true, I have not been asked to do much more than note the existence of the contractual relationships. It remains just as unlikely now for there to be inconsistent rulings as it was before.

Having reviewed the changes in circumstances since the Plaintiffs last petitioned to Amend and found that they have not adjusted any of the factors in the *Mayes* test, the decision of the July 21st Opinion stands, and Plaintiffs' Motion is **DENIED**.

  B.  *Motion to Stay Proceedings*

Plaintiffs have made an alternative motion, in the event that their Motion to Amend was denied, that this Court stay its proceedings until the state proceedings have concluded. At the outset, I must note against that staying these federal proceedings will have the same effect as granting Plaintiffs' Motions to Amend or Remand: putting this case into state court. It was noted above that Defendants BASF and Dow have filed a motion with the state court for a stay of proceedings there until these federal proceedings are over. Both cite judicial efficiency as a reason for the stay. Plaintiffs give additional reasons for staying these federal proceedings: all of the parties to the litigation can be found in the state court while the reverse is not true;

---

[3] I was made aware after all briefs were filed and oral arguments heard that Plaintiffs and Defendants had reached an agreement on some of the discovery issues with the Virginia Defendants by a supplemental pleading filed by Defendant BASF. Plaintiffs, in response, urged that this supplemental evidence be stricken. I note here only that this supplemental evidence has not changed the outcome of this Motion.

9

potentially all issues before this Court will be resolved by issue preclusion should the state proceedings continue; and even if this case concludes, the plaintiffs will still face litigation with the Virginia Defendants and, quite possibly, the Virginia Defendants will have to continue litigation with these federal Defendants.

However compelling these reasons are, they still fail to meet the "exceptional circumstances" required for a federal court to surrender its jurisdiction. *Colorado River,* 424 U.S. at 813. The Supreme Court noted that federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given to them" and may not abstain just because concurrent state litigation deals with the same or even parallel subjects. *Id*. at 17. To start, we must determine whether there are, in fact, parallel proceedings in both the state and federal courts. "The threshold question in deciding whether Colorado River abstention is appropriate is whether there are parallel suits." *Al-Abood* 217 F.3d at 232. "Suits are considered parallel 'if substantially the same parties litigate substantially the same issues in different forums.'" Id. (*quoting New Beckley Mining Corp. v. International Union*, 946 F.2d 1072, 1073 (4th Cir. 1991). Whether the issues are substantially the same depends on whether they involve different remedies and different requisites of proof. *Gannett*, 286 F.3d at 742. If there is a substantial doubt that the state proceeding will effectively resolve all of the issues between the parties, granting a stay would be an abuse of discretion. *Berrett v. Elmo*, 1999 U.S. App. LEXIS 18658 (4th Cir. 1999); *Wood v. United States*, 1992 U.S. App. LEXIS 5546 at *8 (4th Cir. 1992) (both *citing Moses H. Cone*, 460 U.S. at 28).

Examining the case at the bar, it is not clear that parallel proceedings exist. In the state proceedings, the parties are substantially the same with the exception of the Virginia Defendants,

10

who are absent in this Court.[4] As for the issues in each proceeding, the state court case proceeds on a breach of contract claim while the federal proceedings are based in tort.[5] As we have noted above, the cases will likely overlap in considering the same witnesses, the same documents (including contracts), the same evidence, and consideration of the same facts. However, the critical inquiry is not whether both cases stem from the same facts, but whether they involve the same remedies and requisites of proof. *Id.* The remedies sought in a contract action are different from remedies in tort. Generally speaking, the remedies sought in these separate actions differ because contract law protects expectations bargained for while tort law protects persons and property from losses resulting from injury. *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 236 Va. 419, 425, 374 S.E.2d 55, 58 (Va. 1988) ("The controlling policy consideration underlying tort law is the safety of persons and property -- the protection of persons and property from losses resulting from injury. The controlling policy consideration underlying the law of contracts is the protection of expectations bargained for. If that distinction is kept in mind, the damages claimed in a particular case may more readily be classified between claims for injuries to persons or property on one hand and economic losses on the other.") For a specific example of

---

[4] The Plaintiffs are the same in both proceedings. In the state proceedings, Plaintiffs have named the Commonwealth of Virginia, the Virginia Department of Forestry and the Virginia Comptroller as direct defendants. The Virginia Defendants have, in turn, named Dow, Timberland, Chemorse, BASF and Provine as third party defendants. Thus, all the defendants before this Court have been named as parties in the state action as well. It should be noted that, as of this time, Defendants BASF and Chemorse are the only parties who have been formally served as third party defendants in the state case.

[5] Plaintiffs causes of actions in this case are 1) Negligence; 2) Breach of the Implied Warranty of Merchantibility and the Implied Warranty of Fitness for a Particular Purpose; 3) Breach of Express Warranties; 4) Violation of the Magnuson-Moss Warranty Act; and 5) Trespass.

11

how the differing policy concerns of tort as opposed to contracts affect the remedies available in this case, I note that the Plaintiffs' claim for punitive damages before this Court are unavailable in the pending state contract case. *See O'Connell v. Bean*, 263 Va. 176, 180, 556 S.E.2d 741, 743 (Va. 2002) ("punitive damages could not be recovered for breach of a contract in the absence of a willful independent tort"). Obviously, requisites of proof for claims of negligence, trespass, and violation of the Magnuson-Moss Warranty Act will differ substantially from the proof required for the contract breach in the state case.

These suits are not parallel because the issues, corresponding requisites of proof and remedies sought are not substantially the same. *See Gannett Co.* 286 F.3d at 741-43 (state action to enforce lien and federal breach of contract action were not parallel); *Al-Abood*, 217 F.3d 232-33 (actions not parallel despite substantially similar parties because one suit involved creation and abuse of a trust, the other involved existence of a fiduciary relationship and fraud); *New Beckley*, 946 F.2d at 1073 (actions not parallel where parties seek compensation in federal court and equitable relief in state court); *McLaughlin*, 955 F.2d at 935 (cases not parallel where breach of contract case in federal suit is not pending in state suit). In addition, there is a "substantial doubt" that the state court proceedings can effectively resolve all of the issues between all parties before the federal proceedings are concluded. The Commonwealth's third-party indemnity claims against the defendants in this federal case can only be considered once the Plaintiffs obtain a judgment showing these defendants are directly liable to the Plaintiffs. *Pulte Home Corp. v. Parex, Inc.*, 265 Va. 518, 528-29, 579 S.E.2d 188, 193 (Va. 2003).

Even assuming that these proceedings are parallel, an analysis of the seven factors employed in the Fourth Circuit for abstention shows that this doctrine is inappropriate here. I

12

note at the outset that none of the factors is determinative. *Colorado River*, 424 U.S. at 818-19. Also, due to the strong preference for exercising federal jurisdiction, where the analysis of any factor appears neutral, it is counted against abstention. *Gannett Co.*, 286 F.3d at 748 n. 10.

The first factor does not apply in this case as there is no *res* involved in the litigation. *Colorado River*, 424 U.S. at 818-19. The second factor, regarding convenience to the parties, weighs against abstention. The Pittsylvania County Courthouse is only about twenty-five miles from the Federal Courthouse in Danville, Virginia whereas,the tribunals sat 300 miles apart in *Colorado River*. *Colorado River*, 424 U.S. at 820. Given that neither party has claimed inconvenience due tot he distance at stake here, this factor should be regarded as neutral and therefore counted against abstention as noted above.

The third factor regards the risk of "piecemeal litigation." *Colorado River*, 424 U.S. at 818-19. Plaintiffs argue that their contract claims against the Virginia Defendants, which stem from the same set of facts as the claims before this Court, will go unresolved if the federal proceedings continue. While there is a risk of inconsistent results with the concurrent litigation, this risk is small and is not the sort of piecemeal litigation envisioned by *Colorado River*, in which the state's comprehensive system for allocating water rights along one river was threatened by the federal suit. 424 U.S. at 819. Here, there is little chance of inconsistent results occurring nor would the consequences be as severe. It does not rise to the level of "extraordinary circumstance" warranting abstention. *See Chase Brexton Health Servs. v. Md.*, 411 F.3d 457, 465-66 (4th Cir. 2005) ("The threat of piecemeal litigation in the sense that two cases proceed simultaneously thus is not sufficient to support a decision to abstain under *Colorado River.*"); *Gannett Co.,* 286 F.2d at 744.

13

The fourth factor–the order in which jurisdiction was obtained–weighs against abstention as well. *Colorado River*, 424 U.S. at 818-19. This factor is not measured merely by seeing which complaint was filed first, but also in terms of how much progress was made in the two actions. *Cone Hosp*. 460 U.S. at 21; *Jackson Hewitt,* 901 F. Supp. at 1068. Plaintiffs did file this case in state court on September 2, 2005. Predictably, the Defendants petitioned for removal, which was granted on March 28, 2006. The current claim in state court against the Virginia Defendants was filed on May 24, 2006. Thus, the Federal claim was first in time. In analyzing the two cases based on how much progress has been made on the two actions we note that several hearings have already been held in this Court, a decision on Rule 12(b)(6) decisions to dismiss some of the claims is pending, all of the Defendants have been served, discovery has begun, and a trial date is set. Similar progress has not been made in the state proceedings, where three of the parties here have yet to be served and no trial date has been set.

The Supreme Court, in *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation,* provided further factors for consideration: 5) whether the existence of a federal question in the litigation counsels against abstention and 6) the adequacy of state court proceedings to protect parties' rights. 460 U.S. at 23, 26. A federal law exists in this case: the Magnuson-Moss Warranty Act ("MMWA") is the source of one of Plaintiff's causes of action. 15 USCS §§ 2301-2312 (2006).[6] Most of the other claims in the federal proceeding are state based, but they are all of the type routinely applied by this and other federal courts in exercising

---

[6] There is nothing that prevents a state court from deciding a claim under this act. Indeed, Defendant Dow, in their Motion to Dismiss the claim arising under the MMWA, asked this Court to adopt a state court's interpretation of the Act. Defendant Dow's Brief in Support of Motion To Dismiss, p. 13 (*citing Kanter v. Warner-Lambert Co.*, 99 Cal. App. 4th 780 (Cal. Ct. App. 2002)).

14

diversity and supplemental jurisdiction. Given the nature of the federal and state law claims, factors five and six do not create the extraordinary circumstances necessary for a court to abstain. *Gannett Co.,* 286 F.2d at 747; *Jackson Hewitt,* 901 F. Supp. at 1068.

Finally, the Fourth Circuit has added a seventh factor, adopted from *dictum* in *Cone:* whether the state or federal suit was a contrived or vexatious reaction to the other proceeding. *McLaughlin*, 955 F.2d at 935; *Jackson Hewitt,* 901 F. Supp. at 1068 (citing *Cone*, 460 U.S. at 18 n.20). Defendant BASF contends that the Plaintiffs' motion is an attempt to forum shop, and amounts to a contrived and vexatious maneuver. Plaintiffs contend that they merely wish to bring all parties together in one suit to obtain a complete and final adjudication of the issues. One would need more proof of the Plaintiffs "vexatious" motives to conclude that this zealous search for a more favorable forum in the state court rises to the level of "abuse of judicial process" envisioned by this factor. *McLaughlin*, 955 F.2d at 935.

Accordingly, this last factor is either inapplicable or neutral, but the outcome remains the same. Plaintiffs have not shown that any of the seven factors for considering the application of the *Colorado River* doctrine apply to this case. At best, most of the factors could be described as neutral, which still militates against abstention.

## IV.     CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Amend and Motion to Stay Proceedings will both be **DENIED**.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record.

15

ENTERED this 16th day of October, 2006.

                                                                           s/Jackson L. Kiser
                                                                           Senior United States District Judge